## E. C. DE WITT & COMPANY, Respondent, v. J. M. BUFORD, Appellant

**St. Louis Court of Appeals. Submitted on Briefs February 6, 1913. Opinion Filed April 8, 1913.**

1. **EVIDENCE: Secondary Evidence: Foundation.** In an action for the price of goods sold, evidence on the part of defendant that he had written to plaintiff countermanding the order, and that plaintiff received that letter before the goods were shipped, was inadmissible, where no proper foundation was laid for the introduction of secondary evidence.

2. **INSTRUCTIONS: Refusal: Not Supported by Evidence.** Requested declarations of law, not supported by any evidence, are properly refused.

Appeal from Reynolds Circuit Court.—*Hon. E. M. Dearing,* Judge.

AFFIRMED.

*R. I. January* for appellant.

*John H. Keith* for respondent.

Appellant testified under objections of respondent that he wrote respondent prior to the acceptance of the order for the goods, countermanding said order. This was inadmissible for the reason that, if true, where

the paper or letter is in control of the other party, notice to produce it must be given before secondary evidence of its contents can be allowed. Lewin v. Dill, 17 Mo. 64; Coffman v. Fire Ins. Co., 57 Mo. App. 647; Merrill Chem. Co. v. Nickells, 66 Mo. App. 678.

REYNOLDS, P. J.—Plaintiff, a corporation, although that does not very clearly appear and is immaterial as no point is made on it, commenced this action before a justice of the peace, by filing with the justice an account for $13.60, for goods and merchandise, drugs, apparently alleged to have been bought by defendant of plaintiff, the sale subject to a discount of two per cent if paid within ten days from date of invoice. Plaintiff recovered before the justice and defendant appealed to the circuit court, where the cause was tried, without further pleadings, by the court, a jury being waived. At the conclusion of the trial the court found for plaintiff for the amount of the bill and rendered judgment for the face of the bill, without interest, and for costs. Interposing a motion for new trial and in arrest and saving exceptions to these being overruled, defendant duly perfected his appeal to this court.

The testimony of plaintiff was by way of depositions. From this it appears that the sale was made to defendant by a traveling salesman of plaintiff, at defendant's place of business, and an order signed by defendant was mailed to and received by plaintiff at its place of business in Chicago for the goods specified in the account filed with the justice and in evidence before the circuit court. The order was filled and the goods shipped to defendant in due time but defendant refused to receive them. The order which defendant signed for shipment of the goods contained this: "Please ship the following order, which we agree not to countermand."

Testimony was offered on the part of defendant, to the effect that he had written to plaintiff countermanding the order and not to ship the goods and that plaintiff had received that notice before the goods were shipped. On objection duly made, that no foundation had been laid for the introduction of secondary evidence of the contents of any such letter and no notice to produce the letter had been given, the court excluded this, defendant excepting. Defendant further testified that plaintiff had written him that it had the order and his letter countermanding it but as plaintiff had his contract it would ship the goods any way. Defendant did not produce this letter from plaintiff, testifying that he had misplaced it.

At the close of the case defendant asked the court to declare as a matter of law, that defendant had a right to countermand the order, and if the court found from the evidence that defendant had countermanded the order before plaintiff had accepted it and before the goods had been shipped, plaintiff could not recover and the finding must be for defendant. The court refused to give these declarations of law.

The trial court committed no error in excluding the testimony offered by defendant as to the contents of the letter said to have been written by defendant to plaintiff. No proper foundation had been laid for secondary evidence. With this testimony of defendant excluded, his defense failed. It follows, also, that the declarations of law were properly refused, as not supported by any evidence.

We see no reason to disturb the judgment of the circuit court. It is affirmed. *Nortoni* and *Allen, JJ.*, concur.